City of Boca Raton, 23-11323. And when you're all set, Mr. Abbott, you may proceed. Thank you very much, Your Honor, and may it please the Court, Dan Abbott, on behalf of the appellant, City of Boca Raton. Your Honors, until trial began, this was an inverse condemnation action brought by the owner of land who was denied a coastal construction control line variance required to build a single family home on a sandy beach in the City of Boca Raton. The claim was that the denial of the variance had deprived the owner of all economically beneficial use of the property. Literally in the trial, the claim morphed into a procedural due process claim, even though no such claim was contained in the operative amended complaint. Specifically, Natural Lands' new claim was that it was denied procedural due process at a quasi-judicial hearing on the variance application because members of the City Council had predetermined to deny the variance. How did Natural Lands amend its complaint to drop the procedural due process claim because the City had said that claim is redundant of counts 1 and 2? No, Your Honor, I see that argument in the answer brief, but it could not be more wrong. Here's the background. The amended complaint added two claims that the original complaint did not. The first was a due process takings claim under the 14th Amendment, a claim that is precluded by the Villas of Lake Jackson case. Secondly, they requested declarations for procedural due process. The City, recognizing that it could only attack new claims in the amended complaint, said that the new count 3, the due process takings claim, was precluded by Villas of Lake Jackson. There is language in Villas of Lake Jackson that say a 14th Amendment due process takings claim is subsumed in a Fifth Amendment takings claim. Quoting Villas of Lake Jackson, we said the law does not recognize a 14th Amendment due process protection when you are owed compensation because the government took your land. That was Roman numeral 1 on the motion to dismiss. Roman numeral 2 attacked the new requested declarations on procedural due process. The only arguments that the procedural due process claim should be dismissed is because of the McKinney decision that the law does not recognize a federal procedural due process action when the State of Florida provides recourse. In any event, the count 3 due process takings argument, that was always, even before this Court rejected that theory, a substantive due process action. They really have nothing to do with each other. The claim that the substantive due process protections of the 14th Amendment entitle you to compensation if the government takes your land. That contention that the city said we recognize that there are procedural due process claims contained elsewhere in the complaint that we think are validly alleged is completely belied by the record. With respect to McKinney v. Pate, did the district court ever reconcile that? I tried to look in the district court order in the record and I didn't really see anything, or maybe I missed it, where the district court really addressed that issue. Opposing counsel says I think that it was addressed somehow and summarily rejected, but where is that? He did say that and it doesn't exist. Your Honor, it didn't miss anything. Again, the original complaint did not have a procedural due process claim, and so the motion to dismiss the original complaint and the district court's order on the motion to dismiss the complaint didn't talk about procedural due process at all. It didn't exist. It was injected in the amended complaint and the city moved to dismiss it on McKinney grounds. When the plaintiffs saw that motion to dismiss the procedural due process claims on McKinney grounds, it withdrew the complaint. And so the district court recognized that the claim had been withdrawn and deemed the motion to be moot in that regard. The only time you'll see another mention of procedural due process is when the judge entered an adverse judgment against us on procedural due process grounds. It was simply not a pending claim until we lost it somehow. Your Honors, the McKinney v. Pate case is just clearly could not be more on point. It was a case in the state of Florida where a Florida local government conducted a quasi-judicial hearing and the claim was that the deciders of that quasi-judicial matter, the elected officials that heard that claim, had predetermined the answer. In fact, one of the elected officials is the one who had terminated McKinney. And the claim was by procedural due process rights were violated at that quasi-judicial hearing. And it was McKinney that in the review of Florida law, including its law with regard to petitions for writs of certiorari, said there is an available, effective Florida remedy for those sorts of claims. And since there is, any procedural due process deprivation is not a procedural due process violation that can be prosecuted in federal court because you can address those issues in the state of Florida. Well, okay, given your recitation of the procedural history in terms of how the district court got back to procedural due process, it sounds like you're saying you never really got a chance to argue that. If that is your position, should we vacate and remand for the district court to consider McKinney in particular to respond to the arguments that there isn't an available remedy? One, the evidence bias wasn't available until after the 30-day limit for filing and those things? I don't think there's any reason to remand, Your Honor. There is nothing to remand. This court understands McKinney. It understands that that cause of action is not viable, and there's no reason to ask the trial court to also decide if they think the claim is viable. Moreover, Judge, while the claim wasn't pending in the pleadings, certainly the trial judge heard our arguments beginning in opening statement. When the opening statement was, we're going to prove to you, Judge, that we suffered a procedural due process deprivation because the elected officials in Boca Raton had pre-decided the matter, that's when we interposed our first objection. We said, Judge, that has nothing to do with the pending claims, which are only inverse condemnation claims. And we continue to object to the point that we asked the trial judge, can we have a continuing objection to this? This is not only not a viable claim, but it's not a pled claim, and the trial court granted that application. So the fact that the city of Boca Raton contended at the trial court that this was not a viable cause of action because of McKinney is something the trial court was well aware of and apparently didn't agree with us. So Boca Raton is going to argue by this, based on the briefing, that there were no adequate state remedies available. How would you respond to that? Well, I have seen, and I'll go through the particulars, most of which were considered in McKinney itself. The first claim I see in the answer brief is that certiorari is not a good remedy because you are limited to the evidence at the administrative hearing. And so if there's no evidence of bias or predisposition at the administrative hearing, you can't add it to your certiorari petition. Well, first of all, McKinney made that exact argument, and it was rejected by the court. The court looked at the available remedies and did not find that to be a problem. Secondly, this applicant certainly knew of its argument with regard to predisposition by the elected officials in Boca Raton because they had made an earlier motion to recuse the allegedly biased elected officials. So they had all the evidence that they needed to file their petition for writ of certiorari. And the third thing I would say is if you want to potentially argue that the administrative hearing officers are biased, admit the evidence. Do your work beforehand. Quasi-judicial hearings are conducted by Florida local governments subject to Florida public records law. And so all of the evidence of bias, prepare yourself for the hearing, and you will be able to make your arguments on certiorari. The other argument is that there is a futility exception under McKinney where they have conflated the concept of futility for ripeness for an inverse condemnation claim for some sort of a McKinney exception which has not been recognized in the over 30 years that McKinney has been pending. In other words, an argument that sure, I could have filed a petition for writ of cert and if I convinced the circuit court that the decision makers were biased, I would get a remand, but then the same biased decision makers would make the same decision. That's the argument. But it's, again, belied by McKinney and its progeny. This court has never recognized a limitation like that in McKinney. And secondly, it's completely belied by their next-door neighbor who they made a focus of their complaint in their trial. Their next-door neighbor who thought that they suffered procedural due process deprivations at the administrative hearing filed a petition for writ of certiorari and got the remand with the circuit court saying the biased elected officials cannot preside over the remand. And their only response to that is to say, well, sure, the circuit court did that, but that was a bad decision. If my neighbor, if the city had appealed that decision in my neighbor's case, clearly the appellate court, the Florida 4th District Court of Appeals, would have said you're not allowed to do that, forgetting they had admitted into evidence the decision from the 4th District Court of Appeal that had affirmed the decision to remand and bar from consideration the allegedly biased officials. I see my red light is on. If there are not follow-up questions, I'll see you again in a few minutes. All right. Thank you, Mr. Brown. Mr. Brannick? Mr. Brannick, I assume you're going to start with McKinney v. Pate and why it does not doom your procedural due process claim. All right. Well, let me jump, may it please the Court, I'm Steve Brannick, a Brannick permanent insider representing natural lands. And so let me jump right into McKinney. Their argument is that McKinney stands for the proposition that in this land development context, there is always an effective and adequate remedy, and therefore you can never bring a procedural due process claim. That's not what McKinney says. McKinney and his progeny say that there has to be an adequate and effective remedy. This Court's decision, for example, in the Horton case, said that if the district court determines that there is no adequate state remedy, then the McKinney rule does not apply. Here we have a very unique case because the district court had their factual findings that the district court made that makes it absolutely clear that there is not an adequate and effective remedy in this case. This city was not going to grant a variance no matter what. And if you look at the district court's findings, what the district court said is that Mayor Singer, Councilman O'Rourke, Councilman Mayotte, city manager, the deputy city manager, the development services director, and many other employees of the city were so tainted with bias that no building would ever be built regardless if it met variance requirements. That's in the court's final order. And if you really want to know what the judge had to say about this, look at the five pages in Docket 205 where the judge recites his oral rulings after trial. He basically says that these folks are delusional or they're lying if they said that they could be unbiased in this case. So we have a remarkable set of findings. I understood McKinney v. Pate to be, you know, then you go to like the circuit court and you get a state court judge that says all of that, then McKinney is satisfied. But for the district court judge to make those findings and conclusions, I guess I'm just, it sounds like a substitution. There has to be an adequate and effective remedy. And basically what the judge was saying was it was futile. There was no way you were going to get an adequate and effective remedy. So let's look at what you could get in a certiorari proceeding. Because I think there are three compelling reasons why in this case, under these particular circumstances, that the certiorari remedy is not effective. First, it's a very narrow remedy. All the court can do is quash. It can't direct any particular action. All it can do is say, do it over again. All right. Where does that get us in this case? That do it over again makes the assumption that the body that you're going to be in front of is acting in bad faith. Here we've got an eight-year odyssey starting in 2011 and ending with this final hearing in 2019. So he gets a do over. He gets to go back in front of these same folks and do this thing again. And maybe that's the reasonable assumption that it would be the same body, especially given the other example where certain council members, I think, were removed. I think if the city were acting in good faith and had a genuine interest in following its regulations, that's what it would do in response. The case involving the neighbor, which you brought up, the district judge relied on. Doesn't that really undermine your point? We're talking about procedural due process. So really whether you have, is there an adequate avenue in the state for you to pursue this? It seems like the certiorari process, I get that you say that people are going to be biased and the district judge really believes that they're going to be biased. But under the way this actually works, do I actually need to go through the process and then show how it was biased? Why are we sanctioning sort of a prejudging of the process? Because we have and the judge saw that we have eight years of history where one time after another time after another time, the city would say do X, Y, Z. He would do X, Y, Z. Then do A, B, C. He would do A, B, C. And that went on for eight years. I think the judge understood that going back and getting a do-over, nothing more than a do-over from a three-judge panel of the circuit court was not going to be enough. If we presume that the city would not abide by a court decision, if the court said you got it wrong and here's how you got it wrong, do it again, why are we entitled to presume that the city would not take that? I think in light of the factual findings here and the judge's recitation of the law and history in this case. If we presume in a court decision that the city had failed to abide. That's true. I will give them that. But let me talk about why, again, so the certiorari proceeding, you get a do-over. So we're doomed to another year or two. Your neighbor's neighbor got more than that. Right. Well, the order said, yes, you have to recuse these folks. Here, this court. You said, oh, the higher court would reverse that, but you understand that the higher court did not. It did not, yes. And I apologize to counsel and the court for the mistake that I made in the brief there. So how has this neighbor's case not doomed the point that you're making right now? There is, when I say that all they can do is quash, there is no doubt that they could say, for example, in their opinion, that we think that there was bias and because there was bias, we think you're entitled to a do-over. And if the city had demonstrated a record of being interested in complying with its own regulations, you would assume that they would then respond to that. But why couldn't the cert court remove the folks like they did for your neighbor? Well, so let's say they did. But what the judge said here, it wasn't just these two folks. It wasn't just these three folks. It was also the city manager, the deputy city manager, the development services director, and many other employers of the city. This was pervasive throughout the whole city. And I think the biggest difference, and maybe I should focus on this, is that the cert remedy, you get the quash, you get the do-over, and maybe we'll just give them the fact that let's say that quash says, by the way, you better take these three people off the case. What you have with a district court remedy that you don't have with a cert remedy is you have the enforcement powers of the district court. If he went back and let's say they took off these three folks, but they continued to act with bias and prejudice, he's got no remedy other than to go through the whole process again, another year-long process, go back and then get this cert remedy again, or maybe he gets another quash. But because of the district court's order in this case, he's got the enforcement power and the teeth of the district court judge looking over the shoulders of the city. So if there is any question during the run-up to the next final hearing that there's been bias and prejudice, that can be stopped. So we're not necessarily doomed to a process of a proceeding and then a quashial, and then a proceeding and a quashial, and in a case that's already eight years old. So I think that is one of the key reasons why that certiorari remedy, in this particular circumstances, in light of the very strong findings of the district court in this case, it wasn't enough. With that certiorari finding, you don't have any enforcement powers, there's no teeth behind it, and if the city continues to do what it's done for eight years, then he's just back again. So there's a very big difference, and that's why that's inadequate. I want to deal with our recent case, 2023, Mata Chorwadi, the city of Wayne Beach, that says that when the complaint fails to lead a cognizable 14th Amendment claim because it did not allege that state procedures were inadequate to cure any procedural defect, and that failure is fatal under McKinney. Did you have an allegation in the operative complaint that the state remedies were inadequate? The operative complaint had all of the allegations of bias and prejudice, and those allegations were baked into all four counts. But we're talking about the state procedural remedy. Right. But those arguments about the bias and prejudice were definitely made in the complaint. Not about the state remedies, correct? You're talking about the city, and the decision-making body. I'm talking about the McKinney v. Pate problem deals with does the state provide an adequate remedy? Right. Did you allege that there is no such adequate remedy? No, the complaint does not specifically allege that. But when we got to trial, and it was clear that Natural Lands was going to present a procedural due process claim. It was argued in the opening statement, and there was an immediate objection, and then the judge overruled the objection. And if you look at the transcript of the trial, it's clear that most of the trial is basically an argument about procedural due process. They then objected and said that that wasn't properly pled. We then moved to conform under 15b-1, and said because there's no prejudice here, and because it was clear that we were never abandoning our claims for procedural due process, that you can conform the pleadings to. But did the district court, I know the district court added that count three. What else did the district court do to conform the pleadings? Well, what the district court responded to was our argument that, and when they made these arguments, they also made the McKinney argument. And our response to the McKinney argument was that it was, is that the social remedy was inadequate because it was futile. And at that point, we made the motion to conform to the evidence, to conform the pleadings to the evidence. The judge accepted that argument, and I think what the judge's factual findings were, when the judge was addressing the bias and prejudice of the city, the judge's factual findings were, in essence, agreeing with the arguments that Natural Land was making, that the remedy that was presented by the certiorari process was just futile. It wasn't adequate and effective in this case. So there's two different things, futility and inadequate. And opposing counsel has said futility is a rightness issue. It's not, there's no such McKinney exception. Well, I'm not sure I would agree with that. I don't know how you distinguish something being futile. I mean, if something is futile, it's clearly not adequate and effective. So I think a futility finding is even stronger than a finding of adequate and effective. So if the district court has basically said— I'm really sorry, just to be clear, that your futility position is based on the presumption that your client would have appeared before those same individuals. Is that correct? It was predicated on the fact that they might have had to appear in front of those same individuals. But even if those individuals had been gone, there was still a pervasive bias even behind those individuals in the other city officials as the trial court held in its opinion, the pervasive bias of those other officials as well. Well, I didn't want to interrupt. But aren't those findings that a state court could have made as well, even if the only remedy at that point would be to quash? I mean, I recognize you don't believe the state avenue provides you all of the relief that you want, but then the state has provided all of the relief, arguably, to which it believes you're entitled. So is that what makes the distinction in terms of adequate remedy, all of what you want versus what the state is ready to give? No. I think what makes it inadequate in this case is looking at the long history of denials in this case and the fact that with a certiorari remedy, all you get is a quash and a do-over. Maybe it's a do-over in front of some new people, but you don't have the enforcement power of a court looking over the shoulders as the proceeding goes on. It's not that the state is unable to enforce its orders. You're just saying it might take them too long. So you want us to presume that the state is not going to be able to enforce its orders in a speedy manner, so you want the district court to be able to do it right now? Yeah, right now after an eight-year history already. And I think what the judge was basically saying in this case was enough is enough. This has gone on for too long. What is the decision for the district court to make at this moment? I think when you look at adequate and effective, you have to look at adequate and effective in a practical way. The reason we cited those rightness cases was not because we were trying to conflate rightness with McKinney doctrine. We cited those rightness cases because if you look at the way the courts address the doctrine of futility in those rightness cases, it's a very practical analysis. I think that the U.S. Supreme Court's decision, and I think it's Palazzo, is a perfect example of that. The city was saying all the same things. Oh, we'll be better next time, and you're going to get your full process. And the court looked at the long history and said, you know, at this point, basically enough is enough, and we don't buy that you're going to have to go back and do a futile second application in order to survive the rightness claims. All we're saying is that McKinney is not an abstract analysis. It's a practical analysis. You look at the particular facts of the case and decide whether under the particular facts of this case, is this remedy effective or not. So I'm just saying, and just speaking for myself, that we find McKinney v. Pate does apply to this case, and that despite your description and couching of the district court's order, it's still insufficient to alleviate any concern that McKinney was addressed. Do we just reverse, or do we vacate and remand for the district court to specifically consider McKinney? What is your recommendation? Well, if you're concerned about McKinney and are considering reversal, then I would suggest it should be a reversal back to the district court to allow the district court to specifically make the findings. We think that are implicit in the district court's findings already, but to specifically make the findings about whether that certiorari remedy in this case, under these facts, given this history, was adequate and effective. Can you point to another case when we've been faced with a situation like this where we have sent it back to the district court to determine the application of McKinney v. Pate? I haven't seen that. And if you look, there's a lot of cases in the Eleventh Circuit that talk about McKinney in the abstract and talk about adequate and effective in the abstract. There isn't a single case yet where a party like ours has tried to build a case that there's not an adequate and effective remedy where this Court has actually had to take a look at a district court's findings. None of the cases are in that situation. There are some cases where parties never made the argument at all. There are cases where the parties didn't allege it in their complaints. But there are no cases where there's actually a factual record that has been built and this Court has had to address it. So in that sense, we're sort of riding on a blank slate here. Thank you. Thank you, Your Honors. Mr. Long. You have five minutes. Thank you, Your Honor. Thanks again. To deal with the arguments in order, McKinney is not a little bit of bias case. In other words, the case doesn't stand for the proposition that you have to file a petition for writ of certiorari if your decision-makers were a little bit predisposed or a little bit biased. It holds that there is an effective remedy if you suffer an adverse judgment in a quasi-judicial hearing from biased decision-makers. In fact, again, in McKinney, it was the elected official that fired McKinney. He's the one that made the decision to fire the employee, and then he's one of the people on the board that is determining whether or not there's good cause for that termination. So you can have no more extreme circumstance than in McKinney that there has been a procedural due process deprivation, but the en banc decision of this Court is even under those circumstances, you have a perfectly available remedy to undo that deprivation, which is to file a petition for writ of certiorari. With regard to counsel's suggestion that all a circuit court can do is quash a decision, that's not really right. The truth is a circuit court can do everything except, say, grant the variance. They can remand. They can tell you you did it wrong. They can tell you you admitted the wrong evidence. They can tell you you had biased decision-makers, and they can tell you don't have the biased decision-makers resolve this next claim. All of that is well within the authority of the district court. The only limitation of a petition for writ of certiorari is the circuit court can't say grant them the variance. So that is a wide-ranging remedy that has always been available and effective under McKinney. The suggestion that it's better to have a district court to tell the city, don't have your biased decision-makers preside over the hearing, first of all, if that were true, it would completely swallow up the McKinney rule, right? Somebody would say, yeah, sure, McKinney says what it says, but I really want to have a district court's decision to tell the city who to preside over the next hearing. And the second thing is I don't think it's any easier to be contemptuous of a state court order than it is for a federal court order. It's equally contemptuous. If a circuit court judge says conduct a new hearing and don't have these three decision-makers and the city has the hearing with those three decision-makers, it would be directly contemptuous, and we would have to pay the consequences in the same effect as if we violated a district court's order. The amendment to reinstate count three, again, and I think this was pointed out from the court, but I will reiterate. Again, the dismissed count three that was reinstated is a since rejected, but it is a substantive due process theory that your substantive due process might have been violated when the government takes your land and doesn't pay you compensation. It has nothing to do with the issue here. The reinstatement of count three has nothing to do with a procedural due process claim. Substantive due process and procedural due process are completely separate concepts, so the reinstatement of count three doesn't benefit them at all. The point of my question on that issue was I know that when the issue to conform the complaint to the evidence was made, the district court reinstated count three, and I think it reinstated parts of count four, which count four is an independent, is just for declaratory relief. There's no, to my knowledge, freestanding procedural due process claim. I was trying to get at what exactly did the court, district court, do when it conformed the facts, conformed the complaint to the facts that brings in the necessary allegation on the McKinney piece? To my knowledge, I don't see it. And I don't either, Your Honor, and in fact, I would say this. The motion to reinstate was only to count three. Count four was not mentioned. There was no request from the plaintiff to reinstate any of the dismissed count four, and none of the courts ordered to reinstate any of the dismissed count four. It was solely the count three substantive due process. So this procedural due process claim that was directly abandoned, that was subject to a motion to dismiss, and the plaintiffs say, go ahead and dismiss it, and the court says, okay, I recognize the dismissal of your procedural due process claim, it was never even requested to be reinstated, let alone not reinstated. So the judgment was completely based upon a claim that was not pending. And the final thing I'll say as I'm running out of time, again, there's no reason to remand. McKinney and its progeny, I don't think I have ever seen a remand, a procedural due process claim that is improper under McKinney, is simply reversed with instructions to enter judgments by this court. There's nothing left for the district court to determine. Thank you. We have your case under advisement. Our fourth and final case of the day is Keith.